Although I am forced to concur with the main opinion based on the application of the doctrine of governmental function, I write specially to note my dissatisfaction with the result mandated by the application of the law in this case. The main opinion does not address the issue of abandonment of use. However, if the property had been abandoned, then the City's only claim of right to use it for a warehouse would be under the doctrine of governmental function.
Article 4, Section 1, of the City's zoning ordinance states:
 "It is the intent of this ordinance to permit these non-conformities to continue until they are removed, but not to encourage their survival. It is further the intent of this ordinance that non-conformities shall not be enlarged upon, expanded or extended. . . ."
Additionally, the City refused to issue a business permit to Herb Rathrock to use the building at issue as a warehouse to store vehicles. The City then bought the *Page 127 
building from Rathrock, did not use it for almost two years, and then used it to store an antique fire truck, Christmas decorations, and sewage pipe.
As stated in the main opinion, the City admitted that the property was not used for nearly 2 years, a period greater than 6 months and perhaps greater than 18 months. Article 4, Section 4(e) of the zoning ordinance provides:
 "When a non-conforming use of a structure, or structure and premises in combination, is discontinued or abandoned for six (6) consecutive months or for eighteen (18) months during any (3) year period (except when government action impedes access to the parties), the structure, or structure and premises in combination, shall not thereafter be used except in conformity with the regulations of the district in which it is located."
The City clearly abandoned the use of the building as a warehouse. Moreover, the City told Rathrock that he could not use the building as a warehouse. It is unfortunate that the plaintiffs failed to demonstrate reliance in regard to their equitable-estoppel argument. If the plaintiffs had demonstrated reliance, I would have been inclined to rule in their favor. The City's enunciated policy goal espoused by its own zoning ordinance is to discourage nonconforming uses. The City also made statements that the building could not be used as a warehouse. Subsequently, the City acquired the building, abandoned the nonconforming use, and then used the building as a warehouse in contravention of its zoning ordinance. Although the City's actions and the result in this case can hardly be described as discouraging nonconforming uses, the doctrine of governmental function in regard to zoning ordinances, without any authority presented to the contrary, supports the result reached in this case.
PITTMAN and BRYAN, JJ., concur.